IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, | ) ) ) | Civil Action No. 05-647 |
| Plaintiff, | ) ) ) | Judge Joy Flowers Conti Magistrate Judge Lisa Pupo Lenihan |
| v. | ) ) | |
| CENTIMARK CORPORATION, et al., | ) ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

The complaint filed by Travelers Property Casualty Company of America ("plaintiff" or "Travelers") was received by the clerk of court and was subsequently referred to United States Magistrate Judge Lisa Lenihan for pretrial proceedings in accordance with the Magistrates Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates Judges.

The Magistrate Judge's Report and Recommendation (the "R&R"), filed on June 20, 2006, recommended that the motion for summary judgment filed by defendant Centimark Corporation ("defendant") be denied. Objections to the R&R were filed by defendant and a brief in opposition to the objections was filed by plaintiff. After review of the pleadings and documents in the case, together with the R&R, the court observes the following:

The R&R concludes that there exists at least a colorable claim that plaintiff may, under the _equitable_ doctrine of subrogation, bring a claim originating from the property owner, Glimcher Properties LLP ("Glimcher LLP"), despite Travelers issuance of insurance on the property to Glimcher Realty Trust ("Glimcher Parent").[1] It further concludes that, defendant's assertions to the contrary notwithstanding, the evidence of record regarding the express limited warranty issued after completion of the work, but prior to payment, is insufficient to establish entitlement to summary judgment where genuine fact questions remain regarding, among other things, Glimcher LLP's acceptance of the warranty terms, the sufficiency of consideration, and whether any acceptance was induced by a misrepresentation relating to complete performance of the contract. Defendant disputes the R&R at length, although a significant portion of its objections consist of

---

1. The R&R also suggests, however, that Glimcher LLP is a necessary party to this action and recommends that plaintiff be allowed twenty (20) days from the date of this order to amend its complaint to include necessary parties and to allege more explicitly the basis for its contention that it may bring this subrogation claim.
    With respect to this issue, the R&R elaborates, in, _e.g._, note 15, that neither party's pleadings were, at that time, sufficient to support more than a denial of summary judgment and that the record, together with the court's review of applicable case law, suggests that further development of the record (and the parties' legal theories) may "warrant regarding Glimcher Parent and Glimcher LLP as a single entity/alter egos, or it may be that circumstances warrant application of the doctrine of equitable subrogation either directly as between Travelers and Glimcher LLP, or in two steps, from the subsidiary to its parent to the parent's insurer."

factual recitations[2] and full reiterations of arguments made in prior pleadings.  It also requests oral argument on its motion for summary judgment.

    I. SUBROGATION

Defendant erroneously characterizes the R&R's application of the doctrine of equitable subrogation as effecting an improper rewrite of the insurance contract to include Glimcher LLP as an additional insured.  That assertion reflects a fundamental misunderstanding of the analysis underlying the R&R.  The R&R rejects defendant's proffered argument - that it is entitled to summary judgment simply because plaintiff's named insured was Glimcher Parent.  It rejects that argument because equitable considerations underlying the doctrine of subrogation counsel a different result.  See R&R and citations therein.  Given the position which defendant continues to espouse, this court can only reiterate that the issue presented - the question of equitable subrogation - clearly requires consideration of material facts (and the application of law to those facts) beyond the name of the insured on the insurance policy.

---

2. As noted in the R&R, neither party complied with the local rule requirements to file a Concise Statement of Material Facts.  Local Rule 56.1A(1) provides:
> **A Concise Statement of Material Facts:** A separately filed concise statement setting forth the facts essential for the court to decide the motion for summary judgment, which the moving party contends are **undisputed and material,** including any facts which for purposes of the summary judgment motion only are assumed to be true. The facts set forth in any party's Concise Statement shall be stated in separately numbered paragraphs. A party must cite to a particular pleading, deposition, answer to interrogatory, admission on file or other part of the record supporting the party's statement, acceptance, or denial of the material fact. . . .

The court takes this opportunity to remind the parties of their responsibility to comply with all applicable rules, including the local rules of this court and of individual chambers.

Defendant also objects to what it characterizes as the R&R's *sua sponte* and groundless conclusion that there exists a colorable claim under the doctrine of equitable subrogation on the basis of alter ego status. Defendant asserts that there is no evidence or testimony in the record to support this conclusion. To the contrary, as referred to in the R&R, there exists significant record evidence in support of a colorable claim. See, *e.g.*, R&R at n.1, pp. 3-4, 7-8 (noting, among other facts, that defendant's roofing proposal for the work at issue, addressed to Glimcher Parent at a shared address, and self-described as work for Glimcher Parent, was attached without revision to the one-page Purchase Order executed by Glimcher LLP and observing that Glimcher Parent, although not the owner of the subject property, "conducted itself as the owner for purposes of the insurance transaction"). Further support for this aspect of the R&R may be found in Trustees of National Elevator Industry Pension, Health Benefit and Educational Funds v. Lutyk, 332 F.3d 188 (3d Cir. 2003). In Lutyk, the court of appeals affirmed a judgment for a plaintiff where the district court, at summary judgment, *sua sponte* invoked the alter ego doctrine and explained that the alter ego doctrine is a tool of equity. Id. at 193 n.6. The applicability of the alter ego doctrine is determined by the conduct of the parties material to the dispute at hand and piercing the corporate veil is a mechanism for remedying a fundamental unfairness that would otherwise result. Id. The court of appeals also noted that the theory of harm alleged may affect the scope of remedy that equity demands. Id.

Defendant's current assertion that no evidence relating to the alter ego doctrine exists is unfortunately akin to its prior assertions regarding evidence. See, *e.g.*, R&R at n.8 (rejecting defendant's suggestion that the record raises no question of material fact regarding any damages

4

causally related to its failure to obtain inspection by a structural engineer).[3]  Moreover, defendant's repeated assertions regarding the clarity of the corporate name on the Purchase Order ignore the import of the R&Rs observation that the doctrine of equitable subordination looks to the equities as between the *insurer* and the *insured*. See id. at 8-9.[4]

Defendant's assertion that this court cannot deny summary judgment unless it pierces the corporate veil on an alter ego theory[5] flatly ignores the further considerations raised in the R&R at note 15.  The court observes that defendant continues to forego meaningful analysis of the kind of issues presented at the summary judgment stage of the proceedings.

Defendant's final objection to the R&R's subrogation analysis is to certain citations in the R&R.  Defendant objects to the R&R's citation to Craig v. Lake Asbestos of Quebec, Ltd., 843 F.2d 145 (3d Cir. 1988), as erroneous because the court of appeals applied New Jersey law and under the facts of that decision, the corporate veil was not pierced.  See Objections at 9-10.  The R&R cites Craig for the proposition that where corporate entities fail to maintain their separateness, there may be a colorable claim of alter ego status and as an example of the scope of dominion looked to in assessing that status.

---

3. See Defendant's memorandum in support of motion for summary judgment at 14 (citing experts as not "know[ing] if" the extra weight added by defendant's installation of a rubber membrane contributed to or caused the roof failure/collapse).  But see Objections at 22 (pressing assertions that experts agree that roof failed because trusses buckled, warranty excepts damage from failure of other roof components, and therefore defendant is clearly without liability).

4. Late in its objections, defendant suggests that plaintiff is not entitled to recovery against defendant because some evidence suggests that it paid this claim for reasons related to its desire to retain Glimcher Parent as a major client.  See Objections at 21.  The court directs defendant to the discussions, *supra* and in the R&R, concerning the effect of material fact questions on the appropriateness of summary judgment.

5. See Objections at 9.

As an initial matter, this court trusts that defendant does not seriously suggest that it cannot support statements of law by citations to decisions reciting that law but applying it to different facts with different results. See Craig (declining to pierce corporate veil where consideration of material facts compelled conclusion that parent's actual control of subsidiary's daily operations was limited). While it is certainly true that the court of appeals in Craig applied New Jersey law to different results, the court observes that the R&R's citation to that decision is as a "Cf.," that is, as a decision sufficiently analogous to provide support for the proposition. Moreover, New Jersey's general standard on this issue is, as the court of appeals has expressly observed, quite similar to Pennsylvania's standard. See, e.g., Culbreth v. Amosa, Ltd., 898 F.2d 13, 15 (3d Cir. 1990) ("Pennsylvania law does not differ from New Jersey law in requiring a showing of . . . pervasive domination. . . .").

In Rosen v. Provident Life & Accident Insurance Co., 2003 WL 22254805, *10 (E.D. Pa. Sept. 30, 2003), the district court applied Pennsylvania law and cited Craig in its discussion of the standard for piercing the corporate veil. It also cited Eastern Minerals & Chemicals Co. v. Mahan, 225 F.3d 330, 333 n.7 (3d Cir. 2000), which listed factors to be considered under Pennsylvania law, including a failure to observe corporate formalities and "mere facade." The district court in Rosen concluded that significant questions of material fact existed and denied summary judgment. See Lutyk, 332 F.3d at 192; Purcell v. Universal Bank, N.A., 2003 WL 1962376 (E.D. Pa. April 28, 2003) (applying Pennsylvania law and citing Craig in its denial of summary judgment where evidence suggested that affairs of entities were "one and the same"). Defendant's further objections to other citations are similarly misplaced.

II.  EXPRESS LIMITED WARRANTY

Defendant's remaining objections concern its purported entitlement to summary judgment on the basis of an express limited warranty issued to Glimcher LLP after completion of the roofing work (sans consultation with a structural engineer), but prior to receipt of payment.  As with respect to the subrogation issue, defendant's objections are primarily a reiteration of arguments made in prior pleadings (a) without adequate legal support, (b) reflecting a mischaracterization or misunderstanding of the law, or (c) neglecting controverting assertions made by plaintiff and adequately supported by material fact evidence, thus precluding summary judgment.  The court, nonetheless, will address those objections.

Defendant objects to the R&R's failure to elaborate on why a warranty provision that it be the "complete and exclusive warranty agreement" is insufficient to release defendant from its contractual obligation to retain a structural engineer.  See Objections at 14-15.  Defendant's objection to the R&R's dismissal of this argument as "meritless" gives this court pause.  First, the court notes that the identified standard, or "boilerplate", language refers - as is generally the case - to its supercedence over prior agreements "relating to the subject matter" of the *warranty* and to "additional or contradictory *warranty* terms or conditions."  See Objections at 15 (emphasis added).  Defendant's contractual obligation *vis-a-vis* a structural engineer was not a prior, additional, or contradictory *warranty* term, and the form provisions of defendant's warranty - if such it is[6] - do not entitle defendant to summary judgment.  Second, and perhaps more strikingly, the court must observe that if the warranty language was indeed intended by defendant to serve

---

6. See R&R at 12-13 (discussing case law distinctions between warranties and service contracts).

7

the purpose defendant now asserts - abrogation of a pre-existing contractual obligation without informing Glimcher LLP of that non-performance - defendant's failure to disclose its underlying non-performance would have displayed an absence of good faith. Lack of good faith would, considering the facts in the light most favorable to the nonmoving party, render that abrogation void.

Defendant also objects to a footnote in the R&R suggesting that, if the warranty is otherwise applicable, it may become necessary to consider its provisions against unconscionability standards. The R&R does not rely on this clearly prospective footnote for the recommendation to deny defendant's motion for summary judgment and its inclusion provides no support for defendant's motion for summary judgment. With respect to defendant's assertion that it was "inappropriate" for the R&R to raise a prospective question of unconscionability *sua sponte*, the court reminds defendant, generally, of the importance of considerations of judicial economy.[7] More specifically, it notes that a court may raise an issue not identified by the parties but deemed relevant to the legal controversy before it. See, *e.g.*, Lutyk, 332 F.3d at 192.

III. Amendment

Finally, defendant objects to an allowance of twenty (20) days to amend the complaint to include all necessary parties and elaborate on subrogation rights as directed in the R&R. Defendant asserts, in essence, that amendment is inappropriate because plaintiff has not requested it and because the only "real party in interest" under the insurance policy is Travelers. Defendant objected to Travelers' claim on the ground that the contractual right to which

---

7. This reminder also seems appropriate in light of defendant's largely reiterative twenty-three page objections.

8

Travelers asserts subrogation belongs to Glimcher LLP, a non-party to this action. Under Federal Rule of Civil Procedure 19, if in a non-party's absence the court is unable to afford complete relief - here the adjudication on the merits of Travelers' asserted subrogated contract claim - then the party is to be joined. Defendant cites no authority for its remarkable proposition that a court may not *sua sponte* advise a party that an amendment is appropriate. Of course, the same result could easily be achieved by the court's advising plaintiff that it may request leave to amend. This make-work approach would, however, run afoul of the considerations of judicial economy discussed *supra*. See generally Fed. R. Civ. P. 15; 1 (directing that the rules be "construed and administered to secure the just, speedy and inexpensive determination of every action").

Accordingly, the following Order is entered:

**AND NOW**, this 26th day of September, 2006:

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment is **DENIED**, as is defendant's request for oral argument;

**IT IS FURTHER ORDERED** that the Report and Recommendation of Magistrate Judge Lenihan is adopted as the opinion of the court.

**IT IS FURTHER ORDERED** that plaintiff shall have twenty (20) days from the date hereof to amend its complaint to include necessary parties and to allege more explicitly the basis for its contention that it may bring this subrogation claim.

       /s/ Joy Flowers Conti
       Joy Flowers Conti
       United State District Judge

cc:     All Counsel of Record